UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JOHN W. TAYLOR, IV,<br><br>Plaintiff,<br><br>v.<br><br>JASON ENGLISH, MOODY, SMILEY,<br><br>Defendants. | CAUSE NO. 3:25-CV-506-GSL-JEM |

OPINION AND ORDER

John W. Taylor, IV, a prisoner without a lawyer, filed a two-count complaint alleging the Westville Control Unit is unsanitary. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

In Count One, Taylor alleges Aramark "has a[] widespread & persistent practice of unsanitary conditions that amount to deliberate indifference." ECF 1 at 2. A private company performing a State function can be held liable to the same extent as a municipal entity under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658

(1978). *Rice v. Corr. Med. Servs.*, 675 F.3d 650, 675 (7th Cir. 2012). Taylor sued three people, but he did not sue Aramark.

In Count Two, Taylor alleges "Aramark & IDOC officials exposed the plaintiff to mice feces & other unsanitary conditions that amount to deliberate indifference to the Plaintiff's health and safety." ECF 2 at 2. Taylor alleges he wrote and spoke to Warden Smiley as well as Aramark employees Jason English and Moody. He alleges he told them multiple times about these food sanitation issues. "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). "Bureaucracies divide tasks; no prisoner is entitled to insist that one employee do another's job. The division of labor is important not only to bureaucratic organization but also to efficient performance of tasks; people who stay within their roles can get more work done, more effectively, and cannot be hit with damages under §1983 . . .." *Id.*, 555 F.3d at 595. It is plausible to infer that as Aramark employees, Jason English and Moody, are both responsible for food sanitation issues. However, Warden Smiley cannot be held personally, financially liable merely because he was told about the problem. *See id.*, 555 F.3d at 593 (The "view that everyone who knows about a prisoner's problem must pay damages implies that he could write letters to the Governor . . . and 999 other public officials, demand that every one of those 1,000 officials drop everything he or she is doing in order to investigate a single prisoner's claims, and then collect damages from all 1,000 recipients if the letter-writing campaign does not lead to better [food sanitation]. That can't be right.").

Taylor seeks both monetary damages and injunctive relief. Though he is not personally, financially liable for the unsanitary conditions, in his official capacity he is the proper defendant for an injunctive relief claim. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011).

For these reasons, the court:

(1) GRANTS John W. Taylor, IV, leave to proceed against Aramark employees Jason English and Moody in their individual capacities for compensatory and punitive damages for serving him unsanitary food in violation of the Eighth Amendment;

(2) GRANTS John W. Taylor, IV, leave to proceed against Warden Smiley in his official capacity as the Warden of the Westville Correctional Facility to obtain permanent injunctive relief to receive food prepared and served under sanitary conditions as required by the Eighth Amendment;

(3) DISMISSES all other claims;

(4) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Warden Smiley in his official capacity as the Warden of the Westville Correctional Facility at the Indiana Department of Correction, with a copy of this order and the complaint (ECF 1);

(5) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful

means to locate and serve process on) Aramark employees Jason English and Moody at Aramark, with a copy of this order and the complaint (ECF 1);

(6) ORDERS Aramark to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(7) ORDERS, under 42 U.S.C. § 1997e(g)(2), Warden Smiley, Jason English and Moody to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on November 10, 2026

/s/Gretchen S. Lund
JUDGE
UNITED STATES DISTRICT COURT